UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOMINIQUE L. MIMS,

    Plaintiff,

    v.

R. KENDALL, et al.,

    Defendants.

No. 2:18-cv-1864 DB P

ORDER

Plaintiff is a state inmate proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants retaliated against him by intentionally throwing away or giving away his property after he was placed in administrative segregation. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

Plaintiff states the events giving rise to his claim occurred while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"). (ECF No. 1 at 1.) Plaintiff names the following defendants: (1) R. Kendall, correctional officer; (2) J. Sadighi, correctional officer; (3) Magna, correctional officer; (4) C. Lacy, appeals coordinator; (5) J. Abernathy, appeals analyst; (6) C. Anderson, Jr., appeals correctional counselor; (7) J. Carling, appeals coordinator

////

correctional counselor; (8) K. Grotemeyer, appeals office technician; (9) J. Lyons, appeals analyst. (Id. at 2-4.)

Plaintiff states that on May 26, 2017 he was placed in administrative segregation ("Ad-Seg") after he was involved in a fight. (Id. at 5.) He claims officers Kendall and Sadighi inventoried his property and brought plaintiff a form to sign indicating all of his property had been placed in a box. Plaintiff indicates he signed the form based on assurance from offices that all of his property was contained in the box. He claims he requested his C.D. player, but was transferred to California State Prison, Los Angeles ("CSP-LAC") before he received it. Plaintiff claims officers deliberately and maliciously intended to put him in "rough situation, for making them do extra work." He further alleges that he filed administrative grievances, but "is gettin[g] the run around." He claims the retaliation has continued at CSP-LAC. He alleges CSP-SAC sent him to CSP-LAC knowing all of his property was not in his property box because he refused to accept cellmates.

He alleges unnamed correctional officers lost, misplaced, or gave away his property. He alleges that he uses his C.D. player as therapy and without it he has "mental flashes, paranoia." (ECF No. 1 at 6.) Plaintiff claims correctional officers violated his rights under the Fourteenth Amendment because all of his property was not in his property box and he has not received responses when he has filed CDCR grievance forms requesting the return of his property. (ECF No. 1 at 7.) Plaintiff states the freedom taken from his is priceless, but he could settle for monetary compensation.

**III.     Does Plaintiff State a Claim under § 1983?**

**A.  Loss of Property**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An unauthorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the

Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations involve an allegedly negligent or intentional failure to inventory his personal property, which resulted in its unauthorized deprivation. Such a claim is not cognizable under § 1983.

### B. Retaliation in Violation of the First Amendment

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted).

"[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal," Robinson, 408 F.3d at 568 n.11. Filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

Plaintiff claims defendants retaliated against him, by losing or giving away his property, because he engaged in a fight that created more work for defendants. "[P]risoners who violate legitimate prison regulations are not engaged in protected conduct." Martinez v. Tilton, No. 1:10-cv-1501 SKO (PC), 2015 WL 1198739 at * 10 (E.D. Cal. Mar. 16, 2015). Plaintiff's allegations fail to show that defendants took adverse action against him because he engaged in protected conduct. Accordingly, plaintiff has failed to state a claim for violation of his First Amendment rights.

////

| | |
|---|---|
| 1 | **C. Fourteenth Amendment** |
| 2 | Defendants' actions in responding to plaintiff's appeals, alone, cannot give rise to any |
| 3 | claims for relief under section 1983 for violation of due process. The Ninth Circuit has held that |
| 4 | inmates have no protected interest in an inmate grievance procedure arising directly from the Due |
| 5 | Process Clause. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a |
| 6 | separate constitutional entitlement to a specific prison grievance procedure") (citing Mann v. |
| 7 | Adams, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth |
| 8 | Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). |
| 9 | Even the non-existence of, or the failure of prison officials to properly implement, an |
| 10 | administrative appeals process within the prison system does not raise constitutional concerns. |
| 11 | Mann, 855 F.2d at 640. Accordingly, the prison grievance procedure does not confer any |
| 12 | substantive constitutional rights upon inmates, and actions in reviewing and denying inmate |
| 13 | appeals generally do not serve as a basis for liability under § 1983. |
| 14 | Plaintiff's allegations regarding defendants' response to his grievances fail to state a claim |
| 15 | under § 1983. |

**AMENDING THE COMPLAINT**

As set forth above the complaint must be dismissed because it fails to state a claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim.
4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 13, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/mims1864.scrn